# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

ANDREW TARROW,

      Plaintiff,

  v.

R.J. REYNOLDS TOBACCO COMPANY, *ET AL.*,

      Defendants.

Case No.: SACV 17-01568-CJC(KESx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO STAY**

## I. INTRODUCTION

Plaintiff Andrew Tarrow filed this action on August 8, 2017, in Orange County Superior Court alleging various violations of the California Labor Code on behalf of a putative class against Defendants R.J. Reynolds Tobacco Company ("RJRT"), Reynolds

1 American, Inc. ("RAI"), Staci Meyer ("Meyer"), William Roth ("Roth"), and Daniel Harrington ("Harrington") (together, "Defendants"). (Dkt. 1-1 [hereinafter, "Compl."].) Defendants removed the action to this Court on September 11, 2017. (Dkt. 1.) Before the Court is Plaintiff's motion to remand, (Dkt. 16), and Defendants' motion to stay, (Dkt. 17). For the following reasons, Plaintiff's motion is GRANTED and Defendants' motion is DENIED as moot.[1]

## II. BACKGROUND

Defendant RJRT and its parent corporation RAI sell tobacco products. (Compl. ¶¶ 4–5.) Defendants formerly employed Plaintiff as a Territory Manager in their Riverside, California division. (*Id*. ¶ 1 at 2.) RJRT and RAI employ Defendants William Roth and Daniel Harrington as Senior Directors for their Southern and Northern California regions, respectively. (*Id*. ¶¶ 9–10.)[2] RJRT and RAI are citizens of North Carolina. (*Id*. ¶¶ 4–5.) Roth and Harrington are residents of California. (*Id*. ¶¶ 9–10.) Plaintiff currently resides in Arizona, but was a resident of California while he worked for Defendants. (*Id*. ¶ 1 at 1.)

Roth and Harrington oversee and control RJRT and RAI's operation in their region, and each manages approximately half of the Territory Managers in California. (*Id*. ¶¶ 9–10.) Roth and Harrington, the only two Senior Directors in California, were and are the "highest-ranking individuals" within RAI and RJRT in the state. (*Id*. ¶ 11.) Plaintiff alleges they had the authority to hire and terminate employees, set work rules

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 13, 2017, at 1:30 p.m. is hereby vacated and off calendar.

[2] RJRT and RAI employ Defendant Staci Meyer as a Senior Division Manager and she was Plaintiff's immediate supervisor. (*Id*. ¶ 6.) Meyer is a resident of California. (*Id*.) Plaintiff does not argue that Meyer is a local defendant for purposes of meeting the local controversy exception requirement. (*See generally* Mot.)

and conditions, and supervised daily employment activities. (*Id*. ¶¶ 11, 13.) Plaintiff makes various allegations about Roth and Harrington's authority over Plaintiff's employment and working conditions, including that both Senior Directors "created," "implemented," "directed," and/or "enforced" many company policies that Plaintiff alleges gave rise to numerous violations of the California Labor Code. (*Id*. ¶¶ 12, 17–21.)[3] Plaintiff also alleges that Harrington and Roth's "conduct forms [a] significant basis for the PLAINTIFFS' claims alleged herein," and sues both Senior Directors "individually pursuant to Cal. Labor Code § 558, and 588.1." (*Id*. ¶ 16.) Outside of these specific allegations, Plaintiff's factual allegations and statement of claims refer to all five Defendants collectively. (*Id*. ¶¶ 22–27, 48–49, 53, 61–65, 57–82, 96–234.) Plaintiff requests relief "joint and severally" against all Defendants in the form of money damages and injunctive relief, amongst other relief. (*Id*. at Prayer.)

Plaintiff filed this action on August 8, 2017, in the Orange County Superior Court as a putative class action alleging ten causes of action: failure to pay overtime wages, failure to provide meal periods, failure to permit rest breaks, unlawful collection or receipt of wages due for "personal use," failure to indemnify for expenditures incurred in discharge of duties, waiting time penalties, failure to pay using proper instrument at the place of discharge, failure to provide accurate itemized wage statements, conversion, and

---

[3] Roth and Harrington "permitted, authorized, approved, and ratified the wrongful acts and practices" Plaintiff alleges in his Complaint, (*id*. ¶ 12), "each violated or caused the violations alleged herein because each created, implemented, directed and/or enforced DEFENDANTS' employment practices and policies, including but not limited to, meal and rest period policies, overtime policies, and vehicle deduction policies," (*id*. ¶ 17), "each created, set and/or implemented DEFENDANTS' policies, practices, and procedures regarding payment of wages, overtime wages, and meal and rest period premiums that resulted in the failure to pay PLAINTIFFS proper wages for all hours worked," (*id*. ¶ 18), "exercised day-to-day control over PLAINTIFFS' employment, controlled and authorized payroll transactions, and supervised RAI and RJRT's current and former employees," (*id*. ¶ 19), "each of them was responsible for creating, implementing, and/or enforcing DEFENDANTS' policies, practices, and procedures related to rest periods," (*id*. ¶ 20), and "approved DEFENDANTS' employees [sic] time-cards and implemented and enforced DEFENDANTS[sic] policy and practice of disallowing Territory Managers to submit time-cards that reflect their actual hours of work . . .," (*id*. ¶ 21). Plaintiff also alleges Meyer had the authority described in paragraphs 17 through 21. (*Id*. ¶¶ 17–21.)

violation of California Business & Professions Code § 17200. (*See generally Id.*) Plaintiff alleges that Defendants misclassified Territory Managers as "exempt" employees and had various policies and practices that gave rise to Plaintiffs claims. (*Id.*) Plaintiff brings this action on behalf of a proposed class of Defendants' current and former employees who hold/held the position of Territory Manager for the four years preceding the filing of this action who "were also intentionally misclassified as 'exempt' employees by DEFENDANTS." (*Id.* ¶ 3.)

## III. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").

Under the Class Action Fairness Act of 2005 ("CAFA"), federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554–55 (2014). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). By statute, a district court must decline to exercise jurisdiction over a class action it has CAFA jurisdiction over if the "local controversy" exception applies. 28 U.S.C. § 1332(d)(4). The local controversy exception applies to a class action in which:

>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant—
>
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>> (cc) who is a citizen of the State in which the action was originally filed; and
>
>     (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>     (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4).

When a plaintiff moves to remand in reliance on the local controversy exception to CAFA, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the exception applies to the facts of a given case. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 883 (9th Cir. 2013). In determining whether these requirements are satisfied, "a federal district court is limited to the complaint." *Coleman v. Estes Express Lines*, 631 F.3d 1010, 1012 (9th Cir. 2011). "District courts are permitted to make reasonable inferences from facts in evidence . . . in applying CAFA's local controversy exception." *Mondragon*, 736 F.3d at 886.

//
//
//

## IV. DISCUSSION

The parties dispute only two requirements of the local controversy exception in this case: whether "significant relief" is sought from Roth and Harrington, 28 U.S.C.A. § 1332(d)(4)(A)(II)(aa), and whether the conduct of Roth and Harrington formed a "significant basis" for the claims asserted, 28 U.S.C.A. § 1332(d)(4)(A)(II)(bb). (Dkt. 18 [Defendants' Opposition, hereinafter "Opp."] at 12.)

*A. Significant Relief*

"To determine if the Plaintiffs claim 'significant relief' from" a defendant, "we look to the remedies requested by the Plaintiffs." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015). Plaintiffs argue that "significant relief" is sought from Roth and Harrington as all class members were harmed as a result of Roth and Harrington's violations, and the Complaint seeks damages "joint and severally" from all five Defendants. (Mot. at 10.) Defendants argue that because Plaintiff does not quantify the damages alleged against individual Defendants, the Court cannot engage in the "comparative analysis" required to assess whether the relief sought from Roth and Harrington is significant compared to the relief sought from the other three Defendants. (Opp. at 19–22.)

"The local controversy exception does not require that plaintiffs specify the division of damages between defendants." *Allen v. Boeing Co.*, 821 F.3d 1111, 1119 (9th Cir. 2016). In *Allen*, the Ninth Circuit held that "[t]aking the allegations in the [complaint] at face value," the plaintiffs sufficiently alleged that they sought "significant relief" against the local defendant where they did not quantify their alleged damages, but the "damages appear[ed] to be the same whether caused by" the local or non-local defendant. *Id.* at 1119. The *Allen* court also noted that the plaintiffs "may not know, and

perhaps cannot know at this time, how much of their damages is the result of [the non-local defendant's] actions and how much is the result of [the local defendant's] actions or inactions," but "[n]onetheless, the [complaint] sufficiently allege[d] that Plaintiffs are seeking significant relief against [the local defendant] . . .." *Id*. Where the plaintiffs' allegations demonstrated that both defendants' activities allegedly gave rise to harm, the fact that the non-local defendant created some of the harm "does not in itself render insignificant the damages" caused by the local defendant. *Id*.

The Ninth Circuit has held that damages sought equally from the local and non-local defendant was sufficient to satisfy the requirement that plaintiffs seek "significant relief" from the local defendant. *See Coleman,* 631 F.3d at 1013, 1020 (the plaintiffs alleged that both the local defendant and the non-local defendant violated California law and sought damages equally from both of them); *see also Bloomquist v. Covance, Inc.*, No. 16-CV-2559-BAS (BLM), 2017 WL 1735170, at *4 (S.D. Cal. May 4, 2017) (holding that the plaintiff sufficiently alleged that he sought "significant relief" from the local defendants "[a]lthough [the complaint] did not quantify the alleged damages, [the plaintiff] seeks damages from all defendants equally for their alleged wrongful conduct," and "the complaint seeks injunctive relief and restitution against all defendants as well."); *Flores v. Chevron Corp.*, No. 2:11-CV-02551-JHN, 2011 WL 2160420, at *4 (C.D. Cal. May 31, 2011) (holding that the plaintiff carried his burden of proof that "significant relief" was sought from the local defendant where the complaint alleged that the local defendants engaged in the exact same violations as non-local defendants and sought damages equally from them). District courts have held that "significant relief" was not sought from the local defendant where the allegations clearly demonstrated the local defendant's actions did not affect a large number of the class members, thus few class members could recover from the local defendant. *See Busker v. Wabtec Corp.*, No. 215CV08194ODWAFM, 2016 WL 953209, at *7 (C.D. Cal. Mar. 14, 2016) (holding "significant relief" was not sought from the local defendant who was not the project

manager for all of the class members, but rather "the great bulk of any damage award" was sought from the non-local corporate defendant) *and Hamid v. Nike Retail Servs. Inc.*, No. SACV170600DOCJDEX, 2017 WL 2561091, at *7 (C.D. Cal. June 13, 2017) (holding "significant relief" was not sought from the local defendant who managed as "little as 2%, or less of the class" thus "only a very small subsection of the class might be able to seek to recover from her").

Additionally, the Ninth Circuit has held that claims for general damages, punitive damages as a result of deceptive trade practices and fraud, and equitable relief were "sufficient to show that the Plaintiffs claim 'significant relief' from a local defendant." *Benko,* 789 F.3d at 1119. A complaint that seeks injunctive relief against individual defendants also weighs in favor of finding that plaintiffs have sufficiently alleged they seek "significant relief" from a local defendant. *See Id.*; *Coleman*, 631 F.3d at 1020.

Here, Plaintiff seeks both monetary damages and injunctive relief from all five Defendants joint and severally. The alleged California Labor Code violations are pled as being caused by Roth and Harrington's creation of policies and practices or their enforcement of RJRT and RAI's policies and practices. The damages appear to be the same whether caused by Roth and Harrington, or caused by the other Defendants. As pled, significant damages can be attributed to Roth and Harrington's conduct, therefore Plaintiff has sufficiently alleged that he seeks "significant relief" from local defendants for purposes of the local controversy exception.

*B. Significant Basis*

"To determine if the 'basis for the claims' against" a defendant is "significant," "we compare the allegations against [that defendant] to the allegations made against the other Defendants," looking specifically at "[that] defendant's 'basis' in the context of the

overall 'claims asserted.'" *Benko*, 789 F.3d at 1118. Defendants argue that Plaintiff has not made specific allegations about Roth and Harrington's role in the alleged conduct underlying Plaintiff's claims and thus has failed to sufficiently allege that Roth and Harrington's conduct is a "significant basis" for the claims asserted. (Opp. at 19–22.) The Court disagrees.

The Complaint alleges that Roth and Harrington are being sued in their capacity as the only two Senior Directors of RJRT and RAI's operations in California. Roth and Harrington respectively are alleged to control and implement the workplace practices and policies, as well as conduct daily supervision of employees, for half of the class members in California–together affecting the entire class. *Cf. Hamid*, 2017 WL 2561091 at *7 (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" where the local defendant managed "as little as 2% or less" of the class and was not alleged to set policy outside of her district). Plaintiff specifically alleges that Roth and Harrington created the policies and practices that gave rise to the alleged violations of the California Labor Code for which Plaintiff seeks relief. *Cf. Busker*, 2016 WL 953209 at *6 (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" where the plaintiff made no specific allegations regarding the local defendant's role in the conduct and the fact he was hired four years into the project meant he was not involved with negotiating the project's wage requirement terms, despite the plaintiff's allegation that he had control over wages and working schedules).

Although Plaintiff alleges, in the alternative, that Roth and Harrington implemented and enforced policies and practices set by RJRT and RAI, the allegations that both Senior Directors created such policies cannot be ignored. These policies and practices are precisely the conduct that Plaintiff claims gave rise to the damages he suffered. The fact the Complaint collectively refers to all five Defendants in some of its

factual allegations and claims does not mean Plaintiff has not alleged that Roth and Harrington's conduct was a "significant basis" for his claims *elsewhere*. Plaintiff alleges the violations at issue were the direct result of Roth and Harrington's actions. *See Allen*, 821 F.3d at 1121 (rejecting the defendant's argument that the plaintiff failed to allege the local defendant's conduct formed a "significant basis" for their claims because they did not distinguish the local defendant's acts from the non-local defendants acts, as the plaintiffs asserted all of their claims against both defendants); *Benko*, 789 F.3d at 1118–19 (determining that the claims against the local defendant were "important or fairly large in amount or quantity" where the local defendant was one of six defendants and was responsible for only 15 to 20 percent of the activities of all defendants). Moreover, even if RAI and RJRT somehow directed the actions of Roth and Harrington and the Senior Directors acted pursuant to corporate policies as Defendants assert, the conduct of Roth and Harrington "nonetheless remains the conduct of [the local defendants], for which [they] may be held liable." *Coleman*, 631 F.3d at 1020; *see Bloomquist*, 2017 WL 1735170 at *3 (holding the plaintiffs allegations that the local defendants "have overseen the work of plaintiff and potential class members, and are being sued in their capacity as directors of [the non-local defendant corporation]" sufficiently satisfied the "significant basis" requirement).

Defendants nevertheless argue that the local controversy requirement demands more specific allegations because the local controversy exception was meant to apply where a local defendant was "a primary focus of the plaintiffs' claims–not just a peripheral defendant." (Opp. at 22[4] (citing S. Rep. No. 109–14, at 38 (2005)[5].)

---

[4] Defendants rely on non-binding, out-of-circuit case law for the proposition that the local controversy exception requires the local defendant be a "primacy" defendant. (Opp. at 22 (citing *Roppo v. Travelers Commercial Insurance Co.*, 869 F.3d 568 (7th Cir. 2017); *Opelousas Gen. Hosp. Auth. v. Fairpay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011).

[5] The Senate Judiciary Committee's report on CAFA provided the following example where the "significant basis" requirement would not be met:

Defendants boldly assert that "individual local managers named alongside national employers are not truly 'real' defendants. Rather, they are named out of an abundance of caution, or often, to defeat federal jurisdiction." (*Id.*) Outside of Defendants' arguments that Plaintiff's allegations are insufficient to meet the requirements of the local controversy exception, Defendants point to no allegation of the Complaint that indicates Plaintiff named Roth and Harrington to defeat federal jurisdiction. This is not surprising as there are no such allegations in Plaintiff's Complaint. In fact, Plaintiff's Complaint alleges the opposite. Specifically, Plaintiff alleges that Ross and Harrington were the highest-ranking employees in RJRT and RAI's California operations. (Compl. ¶ 11.) Together, they supervised and controlled the working conditions of all members of the proposed class. (*Id.* ¶¶ 9–11.) They created and implemented the specific policies and practices that allegedly gave rise to corresponding Labor Code violations. (*Id.* ¶¶ 12, 17–21.) These allegations do not suggest that Ross and Harrington were nominally related to the alleged violations or isolated role players in effectuating corporate policies and practices. Plaintiff alleges Ross and Harrington had a hand in and were responsible for all of the violations alleged in the Complaint. (*Id.*)

And "nothing in CAFA [] indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims." *Coleman*, 631 F.3d at 1017. The Court can look only to the allegations found in Plaintiff's Complaint when it determines

---

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria.... At most, that agent would have been an isolated role player in the alleged scheme implemented by the insurance company. In this instance, the real target in this action (both in terms of relief and alleged conduct) is the insurance company, and if that company is not local, this criterion would not be met.

S. Rep. 109–14, at 38 (2005) (footnote omitted). Plaintiff alleges that Roth and Harrington directed and controlled the employment of all class members together, a much greater role in causing the alleged violations than "isolated role player[s]."

-11-

whether the local controversy exception applies. *Id.* at 1012. Accordingly, based on the allegations of the Complaint, Plaintiff has sufficiently pled that Roth and Harrington's conduct provides a "significant basis" for the alleged conduct for which Plaintiff seeks relief.[6]

### C. Plaintiff's Request for Attorneys' Fees

Plaintiff requests the Court exercise its discretion to award attorneys' fees and costs in remanding this removed case to state court under Section 1447(c). (Mot. at 16–17.) Plaintiff argues that Defendants' removal of this action was a "dilatory tactic that has directly impeded Plaintiff's interest as well as California's public interest of vigorously enforcing its Labor Code." (*Id.* at 17.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants had an objectively reasonable basis to remove this action under CAFA. First, there are many similar cases pending in the Central District at this time. *See Hoy v. Clinnin*, No. 17-CV-788-BTM-KSC, 2017 WL 2686216, at *4 (S.D. Cal. June 22, 2017) (denying the plaintiff's request for attorneys' fees and noting that "[t]hough the Court ultimately holds that the local controversy exception applies to this case, its application is not so obvious as to render the grounds for removal unreasonable"). And second, there are no reported Ninth Circuit decisions on similar facts presented here that hold the local controversy exception applies. Accordingly, Plaintiff's request for attorneys' fees is DENIED.

---

[6] Plaintiff also argues that there is not a sufficient amount in controversy for the Court to exercise jurisdiction over the case under CAFA. (Mot. at 15–16.) In light of the Court's finding that the local controversy exception applies, the Court need not resolve the parties' dispute whether the damages Plaintiff seeks exceed $5 million.

-12-

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. Defendants' motion to stay is DENIED as moot.

DATED: November 3, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE